FILED
 2023 Mar-17  PM 12:06
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WANDA D. TROTMAN,** *Sui Juris***,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No.: 5:22-cv-00045-MHH** |
| **JAMES VON MOLTKE,** Individually, and In His Official Capacity; **DEUTSCHE BANK NATIONAL TRUST COMPANY; AMAN MARWAH,** Individually, and In His Official Capacity; and **CARRINGTON MORTGAGE SERVICES, LLC,** ) ) ) ) ) ) ) ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

In this action, *pro se* plaintiff Wanda D. Trotman brings a Thirteenth Amendment claim, a Fair Credit Reporting Act claim, and several state law claims against defendants James Von Moltke, Deutsche Bank National Trust Company, Aman Marwah, and Carrington Mortgage Services, LLC.  (Doc. 1; Doc. 12).  Ms. Trotman alleges that the defendants have unlawfully extorted monthly mortgage payments from her since July of 2004.  (Doc. 1, p. 3, ¶ 13; Doc. 12, p. 30, ¶ 211).

1

The defendants have asked the Court to dismiss the claims against them. (Doc. 14). This opinion resolves the defendants' motion to dismiss.

The opinion begins with a discussion of the standard that a district court uses to evaluate Rule 12(b)(6) motions to dismiss. Then, consistent with that standard, the Court identifies the factual allegations in Ms. Trotman's complaint, describing the facts alleged in the light most favorable to Ms. Trotman. The Court also describes proceedings in other mortgage-related lawsuits involving Ms. Trotman, Deutsche Bank, and Carrington Mortgage. Finally, the Court evaluates Ms. Trotman's factual allegations under the legal standards that govern the defendants' arguments for dismissal.

## I.

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the "liberal pleading standards set forth by Rule 8(a)(2)." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court must liberally construe *pro se* documents such as complaints. *Erickson*, 551 U.S. at 94. "'[A] pro se complaint, however inartfully pleaded, must

2

be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Still, a district court "may not serve as de facto counsel for a party, or … rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 Fed. Appx. 1, 2 (11th Cir. 2011) (internal quotations and citations omitted). When a *pro se* plaintiff has filed an original complaint and an amended complaint, the Court reads the documents together to identify the factual allegations on which the plaintiff's claims rest. *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008).

When evaluating a Rule 12(b)(6) motion to dismiss, a district court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Brophy v. Jiangbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015). Ordinarily, when deciding a motion to dismiss under Rule 12(b)(6), to consider information outside of a complaint, a district court must convert a motion to dismiss into a motion for summary judgment and offer the plaintiff an opportunity to present evidence to challenge the motion. *Day v. Taylor*, 400 F.3d 1272, 1276

(11th Cir. 2005). A district court may consider a document outside of a complaint without converting a motion to dismiss into a motion for summary judgment if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs.*, Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

Rule 201(b) of the Federal Rules of Evidence authorizes a court to take judicial notice of facts that are not "subject to reasonable dispute" because the facts are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evi. 201(b)(2). "Public records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (holding that, in resolving a motion to dismiss, Florida district court could take judicial notice of a complaint filed in federal district court in New York without converting the motion to dismiss into a motion for summary judgment).

## II.

According to a document that Ms. Trotman attached to her original complaint, in July of 2004, New Century Mortgage Corporation issued to "WANDA TROTMAN" a 30-year adjustable rate note related to property located at 5003 Greta Drive NW, Huntsville, Alabama 35810. (Doc. 1-1, pp. 17-22). The note states: "In return for a loan that I have received, I promise to pay U.S. $220,000.00 … plus

4

interest, to the order of the Lender. The Lender is NEW CENTURY MORTGAGE CORPORATION." (Doc. 1-1, p. 17). Though the note bears the signature, Wanda Trotman, (Doc. 1-1, p. 21), Ms. Trotman "denies the authenticity of ALL days and/or ALL signatures by ALL parties on ALL documents, including without limitation, notarized documents, 'contracts', 'deeds', [']mortgages', 'titles', 'affidavits', and/or the like . . ." (Doc. 1, p. 4, ¶ 16; Doc. 12, p. 5, ¶ 20). Ms. Trotman also denies that she "was the recipient of any loan proceeds or any loan disbursement in any form whatsoever and rebuts the presumption that she was the recipient of any loan proceeds or any loan disbursement in any form whatsoever from New Century as of or on July 23, 2004." (Doc. 1, p. 4, ¶ 18; Doc. 12, p. 5, ¶ 22).[1] Ms. Trotman asserts that she "recently discovered that she, in fact, is the original creditor and lender, not the alleged borrower, in this alleged mortgage transaction, rightful owner of the Estate Property, and the real party in interest." (Doc. 12, p. 4, ¶ 17).

In a document dated July 23, 2004 and labeled "MORTGAGE," "WANDA TROTMAN" as "Borrower" gave New Century a mortgage interest in the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810. (Doc. 14-2, pp. 2, 4).

---

[1] Ordinarily, in a mortgage loan transaction, the borrower does not receive the loan proceeds; the loan proceeds are distributed directly to the seller to satisfy outstanding loans secured by the property. The seller receives the remaining loan proceeds. The borrower receives the benefit of the loan by gaining possession of the mortgaged property for as long as the borrower repays the mortgage loan.

The mortgage was recorded in the Probate Office of Madison County, AL in Plat Book 10, Page 8 as Instrument No. 20040729000262880. (Doc. 12, p. 6, ¶ 29).

New Century filed for bankruptcy in 2007. (Doc. 12, p. 7, ¶ 32). At some point, Deutsche Bank became associated with the note and mortgage, and Carrington Mortgage began servicing the note. (Doc. 12, pp. 7, 31, ¶¶ 35, 214). Ms. Trotman asserts that Mr. Von Moltke and Mr. Marwah are the chief financial officers of Deutsche Bank and Carrington, respectively. (Doc. 12, p. 2, ¶¶ 4, 7).

In November of 2016, Ms. Trotman filed in the Circuit Court of Madison County, Alabama an "Action to Quiet Title" to the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810. (Doc. 14-3, pp. 2-5). She named Carrington Mortgage as the defendant in that action. (Doc. 14-3, p. 2). The Circuit Court dismissed that action on May 1, 2017, for failure to state a claim. (Doc. 14-3, pp. 11-12).

On May 19, 2017, May 26, 2017, and June 2, 2017, Deutsche Bank and Carrington Mortgage published a Notice of Sale of 5003 Greta Drive NW, Huntsville, Alabama 35810. in the Huntsville Times. (Doc. 12, p. 7, ¶ 36).

On June 7, 2017, Ms. Trotman filed in the Circuit Court of Madison County, Alabama another "Action to Quiet Title" to the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810. (Doc. 14-4, pp. 2-6). The Circuit Court assigned

6

Ms. Trotman's lawsuit Case No. 2017-46.  (Doc. 14-4, p. 2).  In Case No. 2017-46, Ms. Trotman named as defendants Deutsche Bank and Carrington Mortgage.  (Doc. 14-4, p. 2).[2]

On June 20, 2017, Deutsche Bank and Carrington foreclosed on the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810.  (Doc. 12, p. 7, ¶ 37).  A mortgage foreclosure deed was filed in the Probate Court of Madison County on July 10, 2017.  (Doc. 14-8, p. 28).

On June 15, 2021, in Madison Circuit Court Case No. 2017-46, Ms. Trotman, Deutsche Bank, and Carrington Mortgage executed a "Full and Complete Release and Settlement Agreement."  (Doc. 14-8, pp. 28-36).[3]  Among other things, the settlement agreement provides that Deutsche Bank held the note on Ms. Trotman's property, that the note was secured by a mortgage, that Carrington Mortgage serviced the note, and that Ms. Trotman sued to have Deutsche Bank's foreclosure of the mortgage on the property declared invalid and unenforceable. (Doc. 14-8, p. 28).  Under the terms of the settlement agreement, the agreement encompassed "all matters which were raised or could have been raised" by Ms. Trotman against Deutsche Bank and Carrington Mortgage "in connection with"

---

[2] The Court takes judicial notice of these facts.

[3] Ms. Trotman attached the settlement agreement to the first lawsuit that she filed in this Court, Case No. 5:21-cv-1325-HNJ.  The Court discusses that lawsuit below.  The Court takes judicial notice of its own records.

7

the mortgage, the mortgage loan, and the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810, (Doc. 14-8, p. 28), and Ms. Trotman released Deutsche Bank, Carrington Mortgage, and the companies' officers and employees from "any and all manner of claims" and "causes of action" and "liabilities of every kind and manner whatsoever . . . arising in any way out of the Subject Property, the Subject Loan, the foreclosure of the Subject Loan and the servicing of the Subject Loan, and/or any other matter alleged or that could have been alleged in" Case No. 2017-46, (Doc. 14-8, p. 30).

In the settlement agreement in Case No. 2017-46, Ms. Trotman acknowledged that she might have injuries or damages of which she was not aware when she signed the settlement agreement and that by signing the agreement, she was releasing those claims too. (Doc. 14-8, p. 30). The settlement agreement states: "A portion of the consideration herein is for the release of such unknown or future injuries or damages." (Doc. 14-8, p. 30).

The settlement agreement in Case No. 2017-46 provided a means for Ms. Trotman to reacquire her property. The agreement states: "Upon tender and receipt of good funds in the amount of $275,000.00 on or before August 21, 2021, the Subject Property shall be conveyed to Plaintiff by Deutsche Bank by Limited Warranty Deed in a form attached hereto as Exhibit '1.'" (Doc. 14-8, p. 29). Under the settlement agreement, Ms. Trotman could have until September 21, 2021 to

complete her purchase of the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810 if she was unable to close on the property by August 21, 2021. (Doc. 14-8, p. 29). The settlement agreement states that if Ms. Trotman did not buy the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810 for $275,000.00 by September 21, 2021, then she would "voluntarily vacate the Subject Property." (Doc. 14-8, p. 29).[4]

Ms. Trotman did not buy the property by September 21, 2023. On September 23, 2021, in Case 2017-46, the Circuit Court of Madison County, Alabama issued a Consent Order of Ejectment for the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810. (Doc. 14-7, pp. 2-3). The Circuit

---

[4] In Case No. 17-45, the Circuit Court of Madison County summarized the sale terms in the settlement agreement as follows:

> 1. Defendants agree to sell to Plaintiff the real property commonly known as [*sic*] for the price of $275,000.00, subject to the terms, conditions and limitations set forth in the Full and Complete Release and Settlement Agreement, which includes deadlines for Plaintiff to consummate the sale of the real property and for Defendants to thereafter convey title for the real property to Plaintiff by Quitclaim Deed.
>
> 2. Should Plaintiff fail to timely consummate the purchase of the real property pursuant to the terms of the parties' Full and Complete Release and Settlement Agreement, the parties herein consent to the issuance of an Order of Ejectment to be entered by this Court by consent on or after September 21, 2021.
>
> 3. The parties further agree that this matter is to be dismissed with prejudice, with each party to be solely responsible for their own litigation costs and attorneys' fees, with costs taxed as paid.

(Doc. 14-6, pp. 2-3). The Court takes judicial notice of the state court order that appears in Doc. 14-6.

Court judge explained that Ms. Trotman did not fulfill the terms of her settlement agreement with Deutsche Bank and Carrington Mortgage, so the Circuit Court gave Deutsche Bank possession of the property pursuant to the settlement agreement in Case 2017-46.  (Doc. 14-7, p. 2).[5]

On October 4, 2021, Ms. Trotman filed a complaint in this Court in Case No. 5:21-cv-1325.  The complaint concerned the 2021 settlement agreement for case 2017-46; Ms. Trotman asserted claims against Robert Solomon for violation of her right to due process and equal protection, breach of contract, fraudulent inducement, fraudulent misrepresentation, fraudulent concealment, and fraud on the court.  (Case 5:21-cv-1325, Doc. 1).

In November 2021, Deutsche Bank and Carrington mortgage ejected Ms. Trotman from the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810.  (Doc. 12, p. 8, ¶ 38).  By February 2, 2022, Carrington Real Estate Services, LLC listed the property for sale.  (Doc. 12, p. 8, ¶ 40).[6]  Ms. Trotman asserts that on February 5, 2022, Mr. Tremad Dunham of Carrington Real Estate Services entered the property by breaking and entering through a first-floor window.  (Doc. 12, p. 8, ¶ 41).  Ms. Trotman states that Mr. Dunham returned to the property the following

---

[5] The Court takes judicial notice of the state court order.

[6] Carrington Real Estate Services, LLC operates as a subsidiary of Carrington Holding Company, the parent company of Defendant Carrington.  (Doc. 12, p. 8, ¶ 40).

day, harassed her, and threatened to call law enforcement to remove her from the property. (Doc. 12, p. 8, ¶ 42).

Ms. Trotman voluntarily dismissed Case No. 5:21-cv-1325, her first federal lawsuit, on January 3, 2022. (Case No. 5:21-cv-1325, Doc. 29). On January 11, 2022, Ms. Trotman filed her complaint against the defendants in this action. (Doc. 1). On February 28, 2022, Ms. Trotman amended her complaint. (Doc. 12). Ms. Trotman alleges: "From 2004 to 2007, New Century forced Plaintiff into involuntary servitude, under the looming threat of foreclosure, to make monthly 'mortgage' payments for a debt she never owed," (Doc. 12, p. 9, ¶ 50), and "[f]rom 2007 to 2017, in furtherance of New Century's fraudulent acts, Deutsche Bank and Carrington forced Plaintiff into involuntary servitude, under the looming threat of foreclosure, to make monthly 'mortgage' payments for a debt she never owed," (Doc. 12, p. 9, ¶ 51). Ms. Trotman contends that on June 20, 2017, "Deutsche Bank and Carrington illegally and unlawfully foreclosed on the Estate Property for non-payment of a debt" she never owed. (Doc. 12, p. 9, ¶ 52). Ms. Trotman "asserts that she did not receive a loan from New Century" in July of 2004, (Doc. 12, p. 10, ¶ 53), but she contends that New Century "induced [her] into completing an alleged 'loan' application" to secure a loan to buy the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810, (Doc. 12, p. 13, ¶ 77). She contends that Deutsche Bank and Carrington Mortgage furthered "New Century's mortgage fraud," (Doc. 12, p.

18, ¶ 121), and she has spent 13 years "making monthly 'mortgage' payments initially to New Century and subsequently to Deutsche Bank directly and/or by and through its mortgage servicer, Carrington, for a debt she never owed," (Doc. 12, p. 10, ¶ 54; *see also* Doc. 12, p. 30, ¶¶ 211-212). Ms. Trotman alleges that since August 2004, Deutsche Bank and Carrington Mortgage "have reported inaccurate and invalid[] information" to credit reporting agencies like Equifax and Transunion. (Doc. 12, pp. 24-25, ¶ 169).

## III.

Deutsche Bank and Carrington Mortgage argue that their settlement agreement with Ms. Trotman prohibits her claims in this action. The Court agrees.

"Under long-standing Alabama law, contracts should be construed as written." *Holcim (US), Inc. v. Ohio Cas. Ins. Co.*, 38 So.3d 722, 727 (Ala. 2009). A settlement agreement is a contract that a court must construe like any other contract. *Jones v. Bullington*, 401 So. 2d 740, 741 (Ala. 1981).

Here, the 2021 release and settlement agreement that Ms. Trotman, Deutsche Bank, and Carrington Mortgage entered in Madison Circuit Court Case No. 17-46 precludes Ms. Trotman's claims against the defendants in this action. As discussed in greater detail above, in the settlement agreement, Ms. Trotman released "any and all manner of claims" and "causes of action," even claims she had not thought of

yet, concerning the property located at 5003 Greta Drive NW, Huntsville, Alabama 35810, the mortgage loan that Ms. Trotman secured from New Century in 2004 to buy the property, the mortgage she gave to New Century, Deutsche Bank's acquisition of the loan, Carrington Mortgage's servicing of the loan, and Deutsche Bank's mortgage foreclosure and subsequent ejectment of Ms. Trotman from the property. (Doc. 14-8, pp. 28, 30). As discussed in greater detail above, Ms. Trotman's allegations in this case concern her 2004 loan application with New Century, the loan and mortgage that followed, Deutsche Bank's acquisition of the loan, Carrington Mortgage's collection of payments under the loan, and Deutsche Bank's foreclosure on the property and eventual ejection of Ms. Trotman from the property. (Doc. 12).

By its plain terms, the 2021 settlement agreement in Madison Circuit Court Case No. 17-46 resolved all claims that rest on Ms. Trotman's factual allegations in this action, even claims that Ms. Trotman did not assert or realize that she could assert in her state court lawsuit against Deutsche Bank and Carrington Mortgage. Because the 2021 settlement agreement extends to the ". . . principals, officers, directors, [and] employees . . ." of Deutsche Bank and Carrington Mortgage, the terms of the agreement also preclude Ms. Trotman's claims against Mr. Von Moltke and Mr. Marwah in this action. (Doc. 14-8, p. 30). The Court notes that Ms. Trotman was ejected from the property located at 5003 Greta Drive NW, Huntsville, Alabama

35810 pursuant to the terms of the 2021 settlement agreement in Case 17-46, (Doc. 14-8, p. 29, ¶ 3(c)), and the consent order for ejection from the Circuit Court of Madison County, (Doc. 14-7).

Because the terms of the 2021 settlement agreement are clear and unambiguous terms, the Court applies the terms as written. *Nix v. Henry C. Beck Co.*, 572 So. 2d 1214 (Ala. 1990). Because, pursuant to the 2021 settlement agreement, Ms. Trotman released the claims that she asserts against the defendants in this action, the Court will dismiss Ms. Trotman's claims against the defendants.

## CONCLUSION

For the reasons discussed above, the Court grants the defendants' motion to dismiss. By separate order, the Court will dismiss Ms. Trotman's claims against Deutsche Bank, Carrington Mortgage, Mr. Von Moltke, and Mr. Marwah with prejudice.

**DONE** and **ORDERED** this March 17, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE